FEDERAL NATIONAL MORTGAGE ASSOCIATION, demandante y peticionaria, *v.* MARCOS A. CORCHADO ROMÁN, ROSA SOTO ARCE y OTROS, demandados y recurridos.

*Número:* CC-96-460          *Resuelto:* 31 de marzo de 1998

*Juan H. Soto Solá, Daniel Molina López* y *Humberto Soto Mainardi,* abogados de la parte peticionaria.

PER CURIAM:

I

El 4 de septiembre de 1980 los esposos Amado Corchado Soto y Gloria Román suscribieron un pagaré por la suma principal de quince mil dólares ($15,000), intereses al once y medio por ciento (11 1/2%) anual, más otros créditos accesorios. Como garantía, constituyeron una hipoteca voluntaria a favor de la Federal National Mortgage Association (F.N.M.A.), sobre un inmueble de su propiedad de 1,343.0162 metros cuadrados situado en Isabela. La hipoteca fue inscrita en el Registro de la Propiedad de Aguadilla (Finca 13,122).

En octubre de 1988 los esposos Corchado-Román segregaron y vendieron 600.7827 metros cuadrados del referido inmueble a su hijo Marcos A. Corchado Román y su esposa, Rosa M. Soto Arce; este negocio también se inscribió en el Registro de la Propiedad de Aguadilla (Finca 18,153). Ambos predios —el segregado y remanente— naturalmente, quedaron gravados por la hipoteca a favor de la F.N.M.A., tal y como lo dispone la Ley Hipotecaria y del Registro de la Propiedad de 1979.

Posteriormente, el 24 de marzo de 1995 la F.N.M.A. demandó a los esposos Corchado-Román en cobro de dinero y ejecución de hipoteca. El 27 de noviembre enmendaron la demanda y acumularon como demandados a los esposos Corchado-Soto. En síntesis, la F.N.M.A., como tenedora de buena fe del pagaré hipotecario, alegó que los demandados habían incumplido con el préstamo hipotecario y habían omitido pagar las mensualidades vencidas desde el 1ro de agosto de 1994. El 31 de enero de 1996 los demandados Corchado-Román *et al.* le exigieron a F.N.M.A. una fianza de no residentes bajo la Regla 69.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Con la oposición de la F.N.M.A., el 7 de febrero el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Aguadilla (Hon. Carlos M. Delgado Villegas, Juez), le impuso una fianza de mil dólares ($1,000) y, *según manda la Regla 69.5, supra, paralizó los procedimientos.* Sin embargo, aun cuando el 28 de marzo dicho foro reiteró su dictamen en reconsideración (Hon. Ramón F. Febus Bernardini, Juez), *inexplicable y contradictoriamente ordenó que se contestara la demanda.*

No conforme, la F.N.M.A. acudió el 1ro de abril al Tribunal de Circuito de Apelaciones. Previa orden para mostrar causa, el 21 de noviembre denegó el *certiorari* (Hons. Brau Ramírez, Colón Birriel y Feliciano de Bonilla, Jueces). Concluyó que, bajo su ley habilitadora, era una corporación residente del Distrito de Columbia y, por ende, *extranjera* para propósitos de la citada Regla 69.5.

Según indicado, *aun cuando se exigió la fianza y ésta no se prestó, los trámites continuaron en el tribunal de instancia*; tampoco el Tribunal de Circuito de Apelaciones paralizó. Así las cosas, el 26 de noviembre la F.N.M.A. presentó en instancia una Moción Solicitando Desistimiento, basado en que los demandados satisficieron las mensualidades conforme una estipulación. Ello culminó en una sentencia bajo la Regla 39.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, fechada el 4 de diciembre, archivada en autos el 10 de diciembre de 1996.

Aún así, el 6 de diciembre la F.N.M.A. acudió en *certiorari* ante este Foro para revisar la determinación del Tribunal de Circuito de Apelaciones.[1]

## II

Originalmente, sin el beneficio de los autos originales del Tribunal de Primera Instancia, resolvimos que el recurso no era académico por la posibilidad real y razonable de repetirse la misma controversia, susceptible de evadir la revisión judicial. *Asoc. de Periodistas v. González*, 127 D.P.R. 704 (1991). A tal efecto, expedimos el recurso.

Sin embargo, un análisis de los autos originales nos mueve a concluir que ante el tribunal de instancia el caso se tornó académico mediante una estipulación de pago sus-

---

[1] Plantea los errores siguientes:

"1. Erró el Honorable Tribunal de Apelaciones al no conceder el auto solicitado, a pesar de que al ordenarle a la parte Demandada-Recurrida el que mostrara causa por la cual no debía revocarse la Orden del Tribunal de Instancia, [é]stos nunca comparecieron o hicieron alegación alguna.

"2. Erró el Honorable Tribunal de Apelaciones al considerar que lo solicitado era el que se declarara la Regla 69.5 de las de Procedimiento Civil vigentes, inconstitucional, y no simplemente que se interpretara judicialmente que FNMA como instrumentalidad del Gobierno de los Estados Unidos está exenta del requisito de la prestación de fianza como no residente.

"3. Erró el Honorable Tribunal de Apelaciones al determinar que FNMA no está exento del requisito de prestación de fianza bajo la Regla 69.6 de Procedimiento Civil." Petición de *certiorari*, pág. 6.

crita con los demandados y se solicitó y obtuvo la *sentencia por desistimiento*. Una vez final y firme esa sentencia, terminó el pleito y, naturalmente, la controversia sobre el incidente de fianza de no residente. Ante ningún foro judicial, incluso este Tribunal, había ni hay controversia que adjudicar. *E.L.A. v. Aguayo*, 80 D.P.R. 552 (1958).

*Se dictará sentencia para decretar académico el recurso desde que la sentencia del tribunal de instancia, fechada el 4 de diciembre de 1996, advino final y firme.*

El Juez Asociado Señor Rebollo López concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri no intervino.